FILED
2006 Oct-04 PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID ZINN, M.D., P.A., et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **CV-06-BE-0688** |
| | ] | |
| **RENAL CARE GROUP, INC.,** | ] | |
| | ] | |
| **Defendant.** | ] | |
| | ] | |

## MEMORANDUM OPINION

## I. INTRODUCTION

This case is before the court on Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. 7). As discussed below, the court finds that Defendant has demonstrated the propriety of compelling the parties to arbitrate this dispute. Defendant's motion is hereby GRANTED.

## II. STATEMENT OF FACTS

In 1996, Plaintiff David Zinn sold his dialysis business to Defendant Renal Care Group, Inc.. In conjunction with that sale, Dr. Zinn and his professional association, Plaintiff David Zinn, M.D., P.A., entered into a Medical Director Services Agreement, which is the subject of the present litigation. The Agreement provided that "any dispute arising in connection with, or relating to, this Agreement or the termination of this Agreement, to the maximum extent allowed by applicable law, shall be subject to resolution through informal methods and, failing such

efforts, through arbitration."[1] The Agreement further stated that "[t]he arbitration shall proceed in accordance with the terms of the Federal Arbitration Act and the rules and procedures of the American Arbitration Association."[2]

On March 9, 2006, Plaintiffs filed suit in the Circuit Court of Calhoun County, Alabama, seeking to have certain agreements declared void and unenforceable. On April 7, 2006, the case was removed to this court, and on April 24, 2006, Defendant filed a motion requesting this court to compel arbitration and stay proceedings.

## III. STANDARD OF REVIEW

The validity of an agreement to arbitrate is generally governed by the Federal Arbitration Act. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The FAA "create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Congress enacted the FAA to implement a "liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24, and to "place arbitration agreements on the same footing as other contracts." *Gilmer*, 500 U.S. at 24. The FAA accomplishes these objectives primarily through its principal substantive provision, section two, requiring that a written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any

---

[1] Medical Director Services Agreement, ¶ 8.9 (attached as Exh. B to Dill Decl.).

[2] *Id.*

contract." 9 U.S.C. § 2. Sections three and four of the Act buttress section two's policy favoring enforcement of arbitration agreements by authorizing, respectively, stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, 9 U.S.C. § 3, and the issuance of court orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement, 9 U.S.C. § 4.

In the Eleventh Circuit, the determination of the propriety of a motion to compel arbitration pursuant to Section 4 of the FAA is a two-step inquiry. *Klay v. All Defendants*, 389 F. 3d 1191, 1200 (11th Cir. 2004). In the first step, the court determines whether the parties agreed to arbitrate the dispute. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). To make this determination, district courts should apply "federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA]." *Id.* (citation omitted). Because arbitration is a matter of contract, however, the FAA's strong policy in favor of arbitration only applies to disputes that the parties have agreed to arbitrate. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57 (1995). In the absence of an agreement to arbitrate, a court cannot compel the parties to settle their dispute in arbitration. *See AT&T Techs., Inc. v. Communications Workers of Amer.*, 475 U.S. 643, 648 (1986). The second step in ruling on a motion to compel arbitration requires the court to decide whether "legal constraints external to the parties' agreement foreclosed arbitration" (*i.e.*, whether the arbitration agreement is valid) *Mitsubishi Motors Corp.*, 473 U.S. at 628.

**IV. DISCUSSION**

Plaintiffs have not disputed the existence of an arbitration agreement between Defendant

and both Plaintiffs. Plaintiffs also have not disputed that the contract evidences a transaction involving interstate commerce and, therefore, falls within the scope of the FAA. The court's analysis thus will focus on the second step required to determine the propriety of compelling arbitration: whether "legal constraints external to the parties' agreement foreclosed arbitration" (*i.e.*, whether the arbitration agreement is valid) *Mitsubishi Motors Corp.*, 473 U.S. at 628.

Plaintiffs argue that, because Defendant entered into the Medical Director Services Agreement before obtaining a Certificate of Authority from the Alabama Secretary of State, the contract as a whole is unenforceable under Alabama's "Door Closing Statute," Ala. Code § 10-2B-15.02.[3] Plaintiff's argument, however, is foreclosed by a recent decision of the United States Supreme Court, *Buckeye Check Cashing v. Cardegna*, 126 S.Ct. 1204 (2006). That case held:

> First, as a matter of substantive federal arbitration law, an arbitration provision is severable for the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts.

*Id.* at 1209. The Court then held that because the respondents challenged the contract as a whole, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract. *Id.* Because Plaintiffs have challenged the contract as a whole and not the arbitration clause specifically, *Buckeye* requires that the arbitration clause is severed from the

---

[3] The Door Closing Statute provides that foreign corporations may not maintain a proceeding in the state of Alabama without first obtaining a Certificate of Authority from the Alabama Secretary of State:

> All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void at the action of the foreign corporation or by any person claiming through or under the foreign corporation by virtue of the contract or agreement . . . .

Ala. Code § 10-2B-15.02.

contract as a whole and is enforceable.[4]

Even if this court were to construe Plaintiffs' arguments as applying to the validity of the arbitration clause specifically rather than the contract generally, the Court of Appeals has recently addressed a situation where - as here - the parties agreed to abide by the rules of the American Arbitration Association ("AAA"). *Terminix Int'l Co. v. Palmer Ranch Ltd.*, 432 F. 3d 1327 (11th Cir. 2005). The AAA rules provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."[5] The Court of Appeals in *Terminix* held that "the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid." *Terminix Int'l Co. v. Palmer Ranch Ltd.*, 432 F. 3d 1327, 1332 (11th Cir. 2005). In the case before this court, the Medical Services Agreement containing the arbitration provision in question specifically states that arbitration "shall proceed in accordance with the . . . rules and procedures of the American Arbitration Association."[6] The ruling of the Court of Appeals in *Terminix,* therefore, clearly dictates that the arbitrator, not this court, should determine the validity of the arbitration agreement between the parties to this case.

Plaintiffs also rely on the Alabama Supreme Court's holdings in two cases that applied the Alabama Door Closing Statute to preclude arbitration. *Community Care of Amer. of Ala. v. Davis*, 850 So. 2d 283 (Ala. 2002); *Brown v. The Pool Depot, Inc.*, 853 So. 2d 181 (Ala. 2002).

---

[4] Plaintiffs' arguments in opposition to the motion to compel arbitration are essentially the arguments it presents in its complaint, which seeks to declare the Medical Services Agreement void and unenforceable. It has made no arguments specifically addressing the arbitration clause.

[5] American Arbitration Rules and Procedures, R-7(b) (attached as Exhibit A to Def.'s Br. in Support of Opposed Motion to Compel Arb. and Stay Proceedings).

[6] Medical Director Services Agreement, ¶ 8.9.

Neither case, however, involves a situation where the parties agreed to submit the issue of arbitrability to the arbitrator. These cases might be relevant to whether the agreement to arbitrate is enforceable under Alabama law, but under *Buckeye* and *Terminix*, the arbitrator is to apply the law to the facts of this case.

**V. CONCLUSION**

The court finds that the parties have agreed to arbitrate disputes arising under the Medical Director Services Agreement, including disputes about the validity of the arbitration agreement. Defendant's Motion to Compel Arbitration and Stay Proceedings is therefore GRANTED.

A separate order will be entered contemporaneously with this memorandum opinion.

Dated this 4th day of October, 2006.

Karon O. Bowdre

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE